IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John A. Bryant, Jr., | ) | C/A No. 0:16-3927-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Taylor B. Stone, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, John A. Bryant, Jr., a self-represented federal prisoner, brings this legal malpractice action against the defendant. Plaintiff files this action *in forma pauperis* under 28 U.S.C. §§ 1915 and 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff filed this Complaint on December 15, 2016, and amended his Complaint on February 2, 2017. (ECF Nos. 1 & 18.) The defendant, appearing through counsel, filed motions to dismiss the Complaint and Amended Complaint.[1] (ECF Nos. 4 & 21.) Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.      Procedural Background**

Plaintiff is a federal prisoner currently housed in the Federal Transfer Center in Oklahoma City, Oklahoma.[2] He brings this legal malpractice action against the defendant, his former attorney,

---

[1] The court notes service of process has not yet been authorized against the defendant. Also, in light of the court's recommendation, the defendant's motions to dismiss should be terminated.

[2] At the time he filed this case, Plaintiff was housed in the Federal Correctional Institution in Edgefield, South Carolina. (ECF No. 18-2 at 2.)



Taylor B. Stone, who was appointed to represent Plaintiff in his defense of federal drug charges in Virginia in 2010. (ECF No. 18-2 at 1, 5.) Plaintiff indicates he entered a plea agreement on September 2, 2010, and was sentenced to 169 months' imprisonment on February 4, 2011. (Id. at 5.) Plaintiff alleges the defendant was negligent in failing to discover facts about Plaintiff's case and failed to follow procedures that would have protected Plaintiff's rights under the plea agreement. (Id. at 3.) Plaintiff further alleges that despite his instructions to do so, the defendant failed to withdraw from the plea and failed to file an appeal of Plaintiff's conviction and sentence. (Id. at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[3] Screening pursuant to § 1915A is subject to this standard as well.

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **B.**    **Analysis**

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction over his claim. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in Plaintiff's Amended Complaint do not fall

within the scope of either form of this court's limited jurisdiction. First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that the defendant has violated a federal statute or constitutional provision, nor is any source of federal question jurisdiction otherwise evident from the face of the pleading. Instead, the Amended Complaint expressly asserts a legal malpractice claim, which, absent diversity of citizenship, is a matter of state law to be heard in the state courts. See Custer v. Sweeney, 89 F.3d 1156, 1167 (4th Cir. 1996) (stating that "the law governing legal malpractice represents a traditional exercise of state authority"). Therefore federal question jurisdiction does not exist in this case.[4]

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). In absence of diversity of citizenship, the amount in controversy is irrelevant.

For purposes of diversity jurisdiction, a prisoner's domicile is presumed to be his domicile prior to incarceration, but this presumption may be rebutted by an inmate's intention to change his domicile. See Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir. 1977); accord Roberts v. Morchower, 956 F.2d 1163 (4th Cir. 1992) (Table). "To rebut the presumption that he or she retains

---

[4] In discussing the elements required to assert a claim for legal malpractice in the Amended Complaint, Plaintiff asserts that the defendant failed to provide him the assistance guaranteed by the Sixth Amendment. To the extent such a assertion could be construed to raise a claim pursuant to 42 U.S.C. § 1983 that the defendant violated Plaintiff's Sixth Amendment right to counsel, such a claim is not cognizable. See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."); Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983 where the plaintiff's attorney was court-appointed).



the pre-incarceration domicile, a prisoner must 'show truly exceptional circumstances' and 'introduce more than unsubstantiated declarations.' " Goad v. Gray, Civil Action No 3:10CV326, 2010 WL 4735816 (E.D. Va. Nov. 15, 2010) (quoting Jones, 552 F.2d at 251). "At the pleading stage, the prisoner must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id. (internal quotation omitted); see also Roberts, 956 F.2d at 1163(finding the district court properly dismissed a complaint for lack of diversity jurisdiction because the prisoner plaintiff failed to plead *on the face of his complaint* his intention to change his domicile). The prisoner must offer more than conclusory statements and unsupported allegations regarding his intention to change his domicile. Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) ("No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." (quoting Garcia Perez v. Santaella, 364 F.3d 348, 351 (1st Cir. 2004))).

Plaintiff, a federal prisoner, indicates that his domicile prior to his incarceration was South Hill, Virginia, (ECF No. 18-2 at 3), and he also admits that the defendant's domicile is in Virginia. Therefore, the presumption that a prisoner's domicile is his domicile prior to incarceration precludes diversity jurisdiction in this case. See Jones, 552 F.2d at 250-51. However, Plaintiff argues he can rebut the presumption that his domicile is in Virginia because he intends to move to Georgia once released to care for his father, who is ill. (ECF No. 18-2 at 2-3.) Plaintiff purports to support this argument with an affidavit in which he declares that his new address "will be" in Carrollton, Georgia, (ECF No. 18-4 at 1), and assertions that he has spoken with his father about his intent to live in Georgia in the future. But the court finds Plaintiff's asserted intent to move to Georgia in the future is speculation that fails to rebut the presumption that he is domiciled in Virginia. Plaintiff has offered only conclusory statements of his future intent, unsupported by anything other than his own

assertions. See Hall, 599 F.3d at 72. Accordingly, the court finds Plaintff failed to allege facts in the Amended Complaint that show the court has jurisdiction over his claim. See McNutt, 298 U.S. at 189.

### III. Conclusion

For the foregoing reasons, it is recommended that the Amended Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 27, 2017
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).