

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN A. BRYANT, JR.,

    Plaintiff,

v.                                        Civil Action No. 3:18CV17

TAYLOR B. STONE,

    Defendant.

**MEMORANDUM OPINION**

John A. Bryant, Jr., a federal inmate proceeding pro se and in forma pauperis, has filed this diversity action. The matter is before the Court on the Motion to Dismiss filed by Taylor B. Stone. (ECF No. 84.) For the reasons set forth below, the Motion to Dismiss will be granted.

**I. PRELIMINARY REVIEW**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl.

Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL BACKGROUND

### A. Bryant's Criminal Proceedings

The Court's records reflect that:

> On October 6, 2009, Bryant was charged in a three count indictment with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (Count One), distribution of cocaine base (Count Two) and possession with intent to distribute more than five grams of cocaine base (Count Three. (Indictment 1-2, ECF No. 1.)
> On September 2, 2010, Bryant was charged in a criminal information with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base. (Criminal Information 1, ECF No. 16.) On that same day, Bryant agreed to plead guilty

to the above charge. The Plea Agreement advised Bryant that he faced a sentence of between five and forty years of imprisonment. (Plea Agreement 1, ECF 20.) As part of the Plea Agreement, Bryant stipulated that had the matter proceeded to trial, the United States could have proven the following facts beyond a reasonable doubt:
>     1. Starting in early 2005 and continuing through August 14, 2009, . . . JOHN BRYANT conspired with others to distribute and possess with the intent to distribute more than 5 grams of cocaine base. In furtherance of this conspiracy, JOHN BRYANT would obtain wholesale quantities of cocaine base in weights ranging from one to four and a half ounces, which he would break down into smaller quantities and distribute to users and low-level dealers of crack cocaine. During the course of the conspiracy, JOHN BRYANT distributed over 500 grams but less than 1.5 kilograms of cocaine base, commonly known as "crack."
>     2. On or about July 30, 2009, JOHN BRYANT distributed 0.246 gram [sic] of cocaine base, commonly known as "crack," to a person secretly working for law enforcement.
> (Statement of Facts 1, ECF No. 21.)

United States v. Bryant, No. 3:09CR347, 2015 WL 13450972, at *2 (E.D. Va. Mar. 3, 2015), aff'd, 620 F. App'x 168 (4th Cir. 2015). "On February 4, 2011, the Court sentenced Bryant to 169 months of imprisonment." Id. at *3. By Memorandum Opinion and Order entered on March 3, 2015, the Court denied a 28 U.S.C. § 2255 motion filed by Bryant challenging the above conviction and sentence. Id. at *10.

**B. The Current Civil Action**

Bryant filed the present diversity action in the United States District Court for the District of South Carolina.

4

Bryant names Taylor B. Stone, his trial counsel from the above-described criminal proceedings, as the defendant. (ECF 18-2, at 1.) The District Court in South Carolina concluded that Bryant had alleged sufficient facts to demonstrate diversity jurisdiction, Bryant v. Stone, No. 0:16-cv-3927-RBH, 2017 WL 2734090, at *2 (D.S.C. June 26, 2017), and ultimately transferred the matter to this Court. Bryant v. Stone, No. 0:16-CV-03927-RBH, 2018 WL 321550, at *1 (D.S.C. Jan. 8, 2018).

In his Amended Complaint, Bryant alleges that Stone was negligent in failing to discover facts about Bryant's case and failed to follow procedures that would have protected Bryant's rights under the Plea Agreement. (ECF No. 18-2, at 3.) Bryant further alleges that despite his instructions to do so, Stone failed to move withdraw from the plea agreement, and failed to file an appeal of Bryant's conviction and sentence. (Id. at 5.) Bryant contends that such actions amount to "legal malpractice," and deprived Bryant of "due process of law and the right to counsel." (Id. at 1.)

### III. ANALYSIS

"To state a cause of action for legal malpractice under Virginia law, plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately

caused by the breach." Jones v. Link, 493 F. Supp. 2d 765, 771 (E.D. Va. 2007) (citing Rutter v. Jones, Blechman, Woltz & Kelly, P.C., 568 S.E.2d 693 (Va. 2002)). Furthermore, in a legal malpractice action arising from a criminal case, where the plaintiff contends his attorney's negligence resulted in an erroneous conviction or a longer sentence, he must also allege "that he has obtained postconviction relief." Id. at 769 (quoting Taylor v. Davis, 576 S.E.2d 445, 447 (Va. 2003)); Astrop v. Brunswick, No. 3:06CV640-HEH, 2007 WL 6080449, at *2 (E.D. Va. Apr. 26, 2007)(alterations in original) (citation omitted) ("Virginia requires an inmate bringing a claim for legal malpractice arising out of his conviction or sentence to 'alleg[e] and prov[e] as a part of his cause of action that he has obtained post-conviction relief."), aff'd, 251 F. App'x 227 (4th Cir. 2007). Bryant has not obtained any post-conviction relief with respect to his federal sentence. Thus, Bryant has failed to state a claim for legal malpractice. Accordingly, Bryant's legal malpractice claim will be dismissed.

Furthermore, as Bryant well knows, he cannot bring a federal civil rights action against Stone. See Bryant v. Colaw, 3:17CV459, ECF No. 9, at 4-5 (E.D. Va. Dec. 29, 2017) ("Private attorneys and public defenders do not act under color of federal authority when they represent defendants in criminal proceedings." (citing Polk Cty. v. Dodson, 454 U.S. 312, 325

6

(1981); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982); Bagguley v. Cogburn, Nos. 89-7102, 89-7103, 1990 WL 139323, at *1 (4th Cir. Sept. 26, 1990))). Private parties are not subject to liability under § 1983 for alleged constitutional violations, Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982), absent a showing that the private party "acted in concert with state actors," id. at 838 n.6. Bryant fails to identify any state law that would permit him to sue Stone, a private actor, for allegedly violating Bryant's constitutional rights. Accordingly, Bryant has failed to state a viable claim for relief.

Stone's Motion to Dismiss (ECF No. 93) will be granted. Bryant's Motion for Pro Bono Counsel (ECF No. 89) will be denied. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Mr. Bryant.

Date: July 3, 2018
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

7